UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO VLADIMIR MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> ANTONE MONIZ, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 20-10869-GAO <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>NOTICE OF INTENT TO REMOVE</u>**

Respondent, by and through his attorney Andrew E. Lelling, United States Attorney for the District of Massachusetts, hereby notifies the Court that Petitioner Mario Vladimir Martinez ("Petitioner") was erroneously removed from the District of Massachusetts without providing this Honorable Court with 48 hour notice, pursuant to the Court's Standing Order (Docket. No. 4), entered on May 7, 2020.  Respondent sincerely apologies for this mistake and, although not an excuse for its actions, it provides the following explanation, through its counsel, as to how this mistake possibly occurred.  As grounds for this Notice of Intent to Remove, the Respondent relies on the declaration of Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO Boston") Supervisory Detention and Deportation Officer Yolanda Marfissi ("Marfissi Decl."), attached hereto as *Exhibit 1*, and states as follows:

1. The Petitioner is a citizen and national of El Salvador.  Marfissi Decl. ¶ 5.

2. On May 7, 2020, ICE ERO Boston received notice from the U.S. Attorney's Office that Petitioner had filed a habeas petition and the District Court entered an order preventing transfer of Petitioner outside of Massachusetts without providing the Court 48 hours' advance notice of the move and reason therefor.  A Deportation Officer entered this

notice into ICE ERO's Enforce Alien Removal Module ("EARM") tracking system. *Id.* ¶ 6.

3. ICE ERO Boston received notice that the Board of Immigration Appeals ("BIA") had dismissed Petitioner's appeal and therefore moved to prepare Petitioner for removal from the United States due to him being subject to a final administrative removal order. *Id.* ¶ 7.

4. On May 20, 2020, ICE ERO Boston scheduled 26 detainees for transfer out of the Boston Area of Responsibility ("AOR") for ultimate removal from the United States. These detainees were transferred from 4 detention facilities in Rhode Island, Massachusetts, and New Hampshire. *Id.* ¶ 8.

5. 19 of these detainees were subject to District Court orders that require advance notification of transfer outside of the Boston AOR. ICE ERO Boston ensured that 18 of these detainees had such notification filed on their behalf by U.S. Attorney's Offices in Rhode Island, Massachusetts, and New Hampshire prior to transfer outside of the AOR. *Id.* ¶ 9.

6. Petitioner was among the 19 detainees. *Id.* ¶ 10.

7. The ICE ERO Boston Deportation Officer assigned to Petitioner's case, however, inadvertently did not specifically contact the U.S. Attorney's Office or ICE's Boston Office of the Principal Legal Advisor ("OPLA Boston") to notify of Petitioner's transfer for removal purposes. *Id.* ¶ 11.

8. Petitioner was transferred to the Alexandria Staging Facility on May 26, 2020. *Id.* ¶ 12.

9. On May 27, 2020, ICE ERO Boston learned that Petitioner had been transferred without compliance with the District Court's Standing Order. *Id.* ¶ 13.

10. ICE ERO Boston therefore contacted ICE ERO New Orleans to request that Petitioner be removed from the removal flight scheduled for May 29, 2020 and returned to a detention facility within the Boston AOR. *Id.* ¶ 14.

11. ICE learned late on May 27, 2020 that Petitioner would not be contesting removal from the United States pursuant to his final order of removal and did not seek to be returned to the Boston AOR to await eventual removal from the United States. *Id.* ¶ 15.

12. As such, ICE intends to manifest Petitioner again on the May 29, 2020 removal flight to El Salvador and informs the Court as such. *Id.* ¶ 16.

13. ICE ERO Boston supervisors have reminded officers under supervision that they must specifically contact the relevant U.S. Attorney's Office and OPLA Boston to notify of a transfer of a detainee subject to a Standing Order to ensure compliance with such Order. Further, supervised officers have been reminded that transfer cannot proceed until ICE ERO Boston receives confirmation that the necessary transfer notification has been filed with the relevant District Court and that no impediments to transfer have been imposed. ICE ERO Boston will engage in further discussion with OPLA Boston to ensure necessary notifications are made, especially in the present time as ICE faces an unprecedented level of federal litigation involving its detention facilities throughout the Boston AOR. *Id.* ¶ 17.

Wherefore, based on Petitioner having a final order of deportation pursuant to 8 U.S.C. § 1231, Respondent herein provides this Court with notice of Petitioner's departure from the United States currently scheduled for Friday, May 29, 2020.

Respectfully submitted,

ANDREW E. LELLING,
United States Attorney

By: */s/ Rayford A. Farquhar*
Rayford A. Farquhar (BBO #560350)
Assistant U.S. Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
rayford.farquhar@usdoj.gov

Dated: May 28, 2020

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant U.S. Attorney

# LOCAL RULE 7.1 CERTIFICATION

I, Rayford A. Farquhar, Assistant United States Attorney, herein state that I have conferred with Petitioner's counsel who informed me that she would not be contesting Petitioner's removal from Massachusetts, and scheduled departure on May 29, 2020.

*/s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant U.S. Attorney

Dated:  May 28, 2020